IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02172-BNB

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

      Plaintiffs,

v.

SYDNEY "DUKE" SCHIRARD, Sheriff La Plata County Colorado, in his Individual
    and Professional Capacities,
BOBBIE FENDER, in his Individual and Professional Capacities,
DANIEL NEWMAN, in his Individual and Professional Capacities,
CODY STORY, in his Individual and Professional Capacities,
MELVIN SCHAFF, in his Individual and Professional Capacities, and
CHARLES HAMBY, in his Individual and Professional Capacities,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 15 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFFS TO FILE AMENDED COMPLAINT

---

      Plaintiffs, Bonner Robinette and Shirley Robinette, by and through their counsel,

have filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging violations of

their constitutional rights.  Each Plaintiff has been granted leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.  The Court has reviewed the Complaint and

has determined that it is deficient.  For the reasons discussed below, Plaintiffs will be

directed to file an Amended Complaint.

      The Complaint does not allege any specific facts to demonstrate that Defendants

Newman, Story, Schaff, or Hamby personally participated in the alleged violation of the

Plaintiffs' constitutional rights.  The Robinettes are advised that personal participation

by the named defendants is an essential allegation in a civil rights action. *See Bennett*

*v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiffs must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Sydney "Duke" Schirard, the La Plata County Sheriff, may not be held liable merely because of his supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Instead, a supervisor is only liable for a constitutional violation that he or she has caused.  *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Furthermore, in order to state a claim in federal court, the Robinettes "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Plaintiffs, Bonner Robinette and Shirley Robinette, file **within thirty (30) days from the date of this Order** an Amended Complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that, if the Plaintiffs fail to file an Amended Complaint that complies with this Order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED December 15, 2010, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02172-BNB

Lynda E. Carter
Attorney at Law
**DELIVERED ELECTRONICALLY**    .

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on December 15, 2010.

                                                    GREGORY C. LANGHAM, CLERK

                                        By:_____
                                                            Deputy Clerk