**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

       Plaintiff,

vs.

SYDNEY "DUKE" SCHIRARD, Sheriff, La Plata County Colorado, in his Individual
    and Professional Capacities,
BOBBIE FENDER, in his Individual and Professional Capacities,
AMBER FENDER, in her Individual and Professional Capacities,
STEVE SCHMIDT, in his Individual and Professional Capacities,
MELVIN SCHAFF, in his Individual and Professional Capacities,
CHARLES HAMBY, in his Individual and Professional Capacities, and
SEAN SMITH, in his Individual and Professional Capacities,

       Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

      This matter is before the Court on Defendants' Motions to Dismiss (Doc. ## 24,

35.)  For the following reasons, the Court grants the motions.

## I.  BACKGROUND[1]

### A.  FACTS

      This action arises from an alleged conspiracy perpetrated by Defendants Erik

Sydney "Duke" Schirard, Bobbie and Amber Fender, Steve Schmidt, Melvin Schaff,

---

[1] Unless otherwise noted, the following facts are undisputed and are drawn from
Plaintiffs' Amended Complaint.  (Doc. # 16.)

Charles Hamby, and Sean Smith, all of whom worked for the La Plata County Sheriff Department ("the Department").  (Doc. # 14 at 2.)  Plaintiffs, Bonner and Shirley Robinette, assert that the conspiracy was intended to deprive them of their constitutional rights.

As evidence of the conspiracy, Plaintiffs allege a series of abuses and violations by the Department beginning with two significant incidents in 2002.  During the first alleged incident, Plaintiff Bonner Robinette called the Department when his son began acting abnormally.  (*Id.* at 3.)  Even though Plaintiffs' son was not violent or armed, the Department's SWAT Team arrived heavily armed and, without a warrant or court order, transported him to a mental health facility.  (*Id.*)  In the second incident, Plaintiffs allegedly overheard Defendant Schaff and another La Plata deputy, not named as a defendant here, joking about burning down Plaintiffs' business.  (*Id.*)

Plaintiffs allege further abuses including: (1) on March 3, 2003, a La Plata County deputy, not named as a defendant here, requested that the Liquor Control Board of La Plata County revoke the liquor license of Plaintiffs' restaurant; (2) on April 17, 2003, a La Plata deputy, also not named as a defendant here, requested medical files on Plaintiffs' son without a court order or consent from Plaintiffs; (3) Defendants Bobbie and Amber Fender conspired with Plaintiffs' neighbors to deprive them of over one acre of land located in La Plata County; and (4) Defendants Bobbie and Amber Fender threatened Plaintiffs with criminal sanctions.  (*Id.* at 3-4.)

2

Plaintiffs also allege that on May 30, 2008, Defendants Bobbie and Amber

Fender trespassed on Plaintiffs' property, and Plaintiffs saw them cut a cable that

supported a tram car used to cross a river which divides their property.  (*Id.*)  After this

incident, Defendant Hamby, a supervisor for the Department, wrote an e-mail to the

patrol division stating that Plaintiffs were not permitted to enter the property across the

river from their house.  (*Id.* at 6.)

Finally, on August 24, 2008, Defendants Bobbie and Amber Fender, Schmidt,

and Smith loaded Plaintiffs' Jeep, and other personal property, on a trailer and removed

it from Plaintiffs' property.  (*Id.* at 4-5.)  On March 25, 2009, Plaintiffs' Jeep was

returned.  However, Plaintiffs did not recover their other personal property.  (*Id.* at 5.)

## B.   PROCEDURAL HISTORY

On September 7, 2010, Plaintiffs filed their Complaint.  (Doc. # 3.)  On Decem-

ber 15, 2010, Magistrate Judge Boland directed Plaintiffs to file an Amended Complaint

to correct the deficiencies in their initial Complaint.  (Doc. # 11.)  On February 24, 2011,

after receiving an extension of time, Plaintiffs filed their Amended Complaint, alleging six

claims of relief: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1985(2),

(3); (3) fraud by omission or nondisclosure; (4) common law conspiracy; (5) negligent

infliction of emotional distress; and (6) intentional infliction of emotional distress.  (Doc.

# 14.)

On May 2, 2011, Defendants Schirard, Bobbie Fender, Schmidt, Schaff, and

Hamby ("the La Plata Defendants") filed a Motion to Dismiss each of Plaintiffs' claims

under Fed. R. Civ. P. 12(b)(6).  (Doc. # 24.)  On May 23, 2011, Plaintiffs filed a

Response to Defendants' Motion to Dismiss.  (Doc. # 25.)  On June 9, 2011, the

La Plata Defendants filed a Reply to Plaintiffs' Response.  (Doc. # 28.)

On August 17, 2011, Defendants Smith and Amber Fender also filed a Motion to

Dismiss each of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6).  (Doc. # 35.)  Plaintiffs

filed a Response to Defendants' Motion to Dismiss on August 29, 2011.  (Doc. # 37.)

On September 13, 2011, Defendants Smith and Amber Fender filed a Reply to Plaintiffs'

Response.  (Doc. # 38.)

## II. STANDARD OF REVIEW

## A.   MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for

"failure to state a claim upon which relief can be granted."  The complaint will survive

such a motion only if it contains "enough facts to state a claim to relief that is plausible

on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  For a motion to

dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not

merely possible that the plaintiff is entitled to relief under the relevant law."  *Christy

Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009).  "The

plausibility standard is not akin to a probability requirement, but it asks for more than

a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) (internal quotation marks and citation omitted).

4

In reviewing a Rule 12(b)(6) motion, a "court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).  Nevertheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1992).

## B.    STATUTE OF LIMITATIONS

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'"  *Torrez v. Eley*, 378 F. App'x 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (unpublished); *see Lee v. Rocky Mountain UFCW Unions & Emp'rs Trust Pension Plan*, No. 92-1308, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993) ("Because the critical dates appeared plainly on the face of [plaintiff's] complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context.") (unpublished).  When a party has asserted a statute of limitations issue in a Rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations

5

in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run. *See Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008).

### III. <u>ANALYSIS</u>

### A.   SECTION 1983 CLAIM (CLAIM 1)

In support of their Motions to Dismiss, Defendants argue that Plaintiffs' 42 U.S.C. § 1983 claim is barred by the statute of limitations. (Docs. ## 24, 35.) Plaintiffs assert that their § 1983 claim was timely filed. (Doc. ## 25, 37.)

To determine the timeliness of a § 1983 claim, federal courts look to the applicable state statute of limitations. *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Colorado law provides a two-year statute of limitations for actions brought under § 1983. *See* Colo. Rev. Stat. § 13-80-102(1)(g), (i) (establishing a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake*, 997 F.2d at 750 (applying § 13-80-102 to § 1983 claim).

However, when assessing whether the statute of limitations has run, the Court must first "identify the constitutional violation and locate it in time." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation marks and citation omitted). This point in time marks when the action accrues. The determination of when a § 1983 action accrues is controlled by federal law rather than state law. *Smith v. Gonzales*, 222 F.3d

1220, 1222 (10th Cir. 2000) (citation omitted).  A § 1983 claim accrues "when the

plaintiff knows or has reason to know of the injury which is the basis of his action."

*Johnson v. Johnson Cnty. Comm'n Board*, 925 F.2d 1299, 1301 (10th Cir. 1994)

(quoting *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977); *see also Indus.*

*Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).

To determine when the statute of limitations accrues, the focus is "on whether the

plaintiff knew of facts that would put a reasonable person on notice that wrongful

conduct caused the harm."  *Alexander v. Oklahoma*, 382 F.3d 1206, 1218 (10th Cir.

2004).  To this end, a claimant does not need to "know all of the evidence ultimately

relied on for the cause of action to accrue."  *Baker v. Bd. of Regents of State of Kan.*,

991 F.2d 628, 632 (10th Cir. 1993).  However, Plaintiffs "must use reasonable diligence

in seeking to discover facts giving rise to a claim for relief."  *Alexander*, 382 F.3d at

1216.

Plaintiffs indicate in their Amended Complaint that they were aware of

Defendants' alleged violations of their constitutional rights beginning in 2002.  (*See* Doc.

# 16 at 2 ("The abuse and violation[s] . . . began in 2002.").)  Plaintiffs also assert that

"[t]hroughout 2002 and 2003, several incidents occurred between various deputies of

the La Plata county Sheriff Department and the Robinettes.  While outside the statute of

limitations in his case, they serve as background for the allegations. "  (*Id.* at 3.)

Although Plaintiffs claim these occurrences throughout 2002 and 2003 "serve as

background," it appears to the Court that these incidents would put a reasonable person

on notice that wrongful conduct had occurred.  *See Alexander*, 382 F.3d at 1215.  Since Plaintiffs should have been on notice of Defendants' purportedly wrongful conduct throughout 2002 and 2003, Plaintiffs should have filed their complaint by the end of 2005, at the latest.

In any event, the last abuse giving rise to Plaintiffs' § 1983 claim allegedly occurred on August 24, 2008, when Plaintiff's Jeep and other personal property were removed.  Even if a reasonable person would not have been on notice prior to that time, for this claim no subsequent incident is alleged to have occurred, and Plaintiffs waited until September 7, 2010, to file their Complaint.  (Doc. # 3.)  At that point the statute of limitations had already run.

Nonetheless, Plaintiffs argue that their § 1983 claim was timely filed because "Document 1 . . . shows a date-stamp of August 24th, 2010 as the date received in the District Court."  (Doc. # 37 at 3.)  This argument is unavailing.  Document 1 is an application to proceed in U.S. District Court without paying fees or costs.  Plaintiffs' Complaint (Doc. # 3), however, was filed on September 7, 2010.  *See* Fed. R. Civ. P. 3 ("[a] civil action is commenced by filing a complaint with the court"); *see also, e.g.*, *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094 (10th Cir. 2005).  Accordingly, the statute of limitations bars Plaintiffs' § 1983 claim.

**B.      SECTION 1985 CLAIMS (CLAIM 2)**

1.      Statute of Limitations

Defendants also allege that Plaintiffs' 42 U.S.C. § 1985(2) & (3) claims are barred by the statute of limitations.  (Doc. ## 24, 35.)  Plaintiffs respond that Defendants conspired together to deprive them of their constitutional rights in violation of § 1985 and that the statute of limitations began when they were affected by the conspiracy, not before.  (Doc. # 37 at 4.)  More specifically, Plaintiffs assert that the May 30, 2008, trespassing incident "was the act that led to the violation, [but] was not the violation itself under [42 U.S.C. § 1985]."  (*Id.* at 3.)  Further, Plaintiffs contend the "violation . . . occurred when the Sheriff and other supervisors attempted to conspire with other named violators to cover up the criminal activity that had occurred."  (*Id.* at 3-4.)

Initially, the Court addresses Plaintiffs' § 1985(2) claim.  Section 1985(2) provides a cause of action for conspiring to obstruct justice in either state or federal court proceedings.  Plaintiffs do not allege any facts in support of their § 1985(2) claim.  (*See* Doc. # 16.)  Accordingly, it is hereby dismissed.

Section 1985(3) provides a cause of action for conspiracy to deprive a person of the equal protection of the laws.  Similar to § 1983 claims, the Tenth Circuit has applied the forum state's personal injury statute of limitations to § 1985(3) claims.  *Lyons v. Kyner*, 367 F. App'x 878, 881-82 (10th Cir. 2010) (unpublished); *see Robinson v. Younger*, No. 05-cv-01028, 2007 WL 628065, at *3 (D. Colo. Feb. 26, 2007) (applying two year statute of limitations period to claims under § 1985(3)) (unpublished).  Thus,

this Court applies Colorado's two-year statute of limitations for personal injury actions to § 1985(3) claims.  *See* Colo. Rev. Stat. § 13-80-102(1)(g).  However, "[t]he limitations period for a § 1985(3) action 'runs from the occurrence of the last overt act resulting in damage to the plaintiff.'"  *Rocha v. Zavaras*, No. 10-cv-00357, 2011 WL 1154636, at *3 (D. Colo. Mar. 29, 2011) (internal quotation marks and citations omitted).

For this claim the last overt act that Plaintiffs allege is "the refusal of the Sheriff Department to conduct welfare checks on [them] when each surrounding neighbor received a welfare check during winter blackout storms of the winter of 2009-2010." (Doc. # 14 at 9.)  Accordingly, Plaintiffs have alleged that at least some of Defendants' conduct occurred after September 7, 2008.  Therefore, assuming, without deciding, that all of Defendants' conduct was part of the same conspiracy, the statute of limitations would not bar Plaintiffs' § 1985(3) claim, even though much of the conduct making up the alleged conspiracy occurred prior to September 7, 2008.  However, as discussed below, Plaintiffs fail to state an actionable § 1985(3) claim.

2.    <u>Failure to State a Claim</u>

The necessary elements of a § 1985(3) claim are: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  Section 1985(3) only applies to "conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously

discriminatory animus.'" *Hall v. Wilson*, No. 10-cv-01460, 2010 WL 3310357, at *2

(D. Colo. Aug. 18, 2010) (quoting *Grifin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

The "otherwise class-based" language of this requirement has been "narrowly

construed." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).   Nevertheless, this

Court has held that § 1985(3) covers conspiracies based on gender, national origin,

political association, and religious affiliation.   *Miami Int'l. Realty Co. v. Town of Crested*

*Butte*, 579 F. Supp. 68, 76 (D. Colo. 1984); *Sager v. Woodland Park,* 543 F. Supp. 282,

291 (D. Colo. 1982).   But the Tenth Circuit has declined to extend § 1985(3) protection

to age discrimination claims.   *Schwinn v. Human Affairs Int'l., Inc.*, No. 99-4140, 2000

WL 731785, at *1 (10th Cir. June 8, 2000) (concluding that "[v]iolation of the [Age

Discrimination in Employment Act] cannot form the basis for a § 1985(3) claim")

(unpublished).

Plaintiffs allege that the Department discriminated against them because they are

over age sixty-five and "have devout religious beliefs regarding their family, including

extended family."   (Doc. # 16 at 9.)   Plaintiffs conspiracy claim based on age is

unavailing.   *See, e.g.*, *Schwinn,* 2000 WL 731785, at *1.   However, because § 1985(3)

covers conspiracies based on religious affiliation, the Court will analyze Plaintiffs'

contention on that basis.

Plaintiffs must allege facts in the complaint showing a conspiracy against them

"because of [their] membership in a class."   *Lessman v. McCormick*, 591 F.2d 605, 608

(10th Cir. 1979) (internal quotation marks and citation omitted).   A complaint fails if it

11

does not allege facts that tend to show the alleged conspirators were motivated by invidious discriminatory animus.  *See Briley v. State of Cal.*, 564 F.2d 849, 858-859 (9th Cir. 1977); *Ledwith v. Douglas*, 568 F.2d 117, 119 (8th Cir. 1978); *Jones v. Bales*, 58 F.R.D. 453, 457-58 (N.D. Ga. 1972).

Plaintiffs allege that the religious discrimination is evidenced by the Department employing "the derogatory word 'compound' as referring to the Robinette family property as if it were a terrorist training camp while using the dispatch channel of the La Plata County Sheriff Department."  (Doc. # 14 at 9.)  This lone allegation fails to support Plaintiffs' conclusion that the conspiracy was motivated by animus toward their religion. Plaintiffs have not substantiated this allegation with any facts which show a connection between the use of the word "compound" and religious beliefs regarding their family. Thus, they have not plead sufficient facts to show that the alleged conspiracy was based on their religion.  *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (conclusory statements are insufficient to allege a claim of conspiracy). Accordingly, the Court dismisses Plaintiffs' § 1985(3) claim.

## C.     PLAINTIFFS' STATE LAW CLAIMS (CLAIMS 3-6)

Because the Court has dismissed all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  *See Smith*, 149 F.3d at 1156 ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Accordingly, Plaintiffs' state law claims are dismissed without prejudice.  *See Brereton*

*v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (noting that dismissals for lack of jurisdiction should be without prejudice because the court has not reached a disposition on the merits of the underlying claims).

## IV.  CONCLUSION

Based on the foregoing analysis, the Court ORDERS that the Motions to Dismiss of Defendants Schirard, Bobbie Fender, Schmidt, Schaff, and Hamby (Doc. # 24) and of Defendants Smith and Amber Fender (Doc. # 35) are GRANTED.  Plaintiffs' claims under 42 U.S.C. §§1983 & 1985 are DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that Plaintiffs' state law claims for nondisclosure, common law conspiracy, negligent infliction of emotional distress, and intentional infliction of emotional distress are DISMISSED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that Defendants shall have their costs by the filing of a Bill of Costs with the Clerk of the Court within ten days of the entry of judgment.  However, each party shall bear his or her own attorney fees.

DATED:  November  _22_ , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge