**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

Plaintiffs,

v.

SYDNEY "DUKE" SCHIRARD, Sheriff, La Plata County Colorado, in his Individual and Professional Capacities,
BOBBIE FENDER, in his Individual and Professional Capacities,
AMBER FENDER, in his Individual and Professional Capacities,
STEVE SCHMIDT, in his Individual and Professional Capacities,
MELVIN SCHAFF, in his Individual and Professional Capacities,
CHARLES HAMBY, in his Individual and Professional Capacities, and
SEAN SMITH, in his Individual and Professional Capacities,

Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER**

---

This matter is before the Court on "Plaintiffs' Motion to Reconsider and Reopen Case." (Doc. # 50.) For the reasons that follow, Plaintiffs' motion is granted in part, denied in part, and their case is reopened.

## I. BACKGROUND

On August 24, 2010, Plaintiffs filed their motion to proceed in forma pauperis ("IFP"). (Doc. # 1.) Their Complaint was stamped "RECEIVED" that same day (Doc. # 3), though it was not formally filed until September 7, 2010, when Magistrate Judge Boland directed the clerk of the court "to commence a civil action" (Doc. # 2 at 1.)

On February 24, 2011, Plaintiffs filed an Amended Complaint, asserting claims for: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. §§ 1985(2) & (3); (3) fraud by omission or nondisclosure; (4) common law conspiracy; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress. (Doc. # 16.)

Defendants filed motions to dismiss (Doc. ## 24; 35) and, after the motions were fully briefed, the Court granted them (Doc. # 48). The court found that: (1) Plaintiffs' § 1983 claims were barred by the applicable two-year statute of limitations because, while Plaintiffs' Complaint was not filed until September 7, 2010, the last abuse they allegedly suffered, which could have formed the basis of a § 1983 action, occurred on August 24, 2008, more than two years before the filing of their Complaint; (2) Plaintiffs failed to state a claim as a matter of law under §§ 1985(2) & (3), although such claims would not have been time-barred if sufficiently pled; and (3) with no federal claims remaining, exercising supplemental jurisdiction over Plaintiffs' four state-law claims would have been inapposite. (*Id.*) Thereafter, Plaintiffs filed the instant motion to reconsider.

## II. MOTION TO RECONSIDER

In the instant motion, Plaintiffs argue for the first time that, under *Jarrett v. US Spring Commc'ns Co*, 22 F.3d 256 (10th Cir. 1994), although "the actual filing date [of their Complaint] with the court shows September 7, 2010, the date that the filing relates back to is August 24th, 2010 . . . within the two-year filing deadline." (Doc. # 50.) In *Jarrett*, the Tenth Circuit explained that "to preserve [a] litigant's rights, courts have

deemed [the litigant's] complaint 'filed' upon presentation to the court clerk when accompanied by an IFP motion, so that the formal filing 'relates back' – upon grant of pauper status – to the 'lodging' of the complaint with the clerk." 22 F.3d at 259. The court stated further that application of this "relation back" principle is "not troublesome when the IFP petition is **granted**; the complaint is filed and the case proceeds." *Id.* (emphasis in original).

Defendants argue that *Jarrett* is inapplicable here because in that case the Tenth Circuit ultimately "decline[d] to toll the statute of limitations for the time period that [the] motion to proceed *in forma pauperis* [was] pending . . . ." (Doc. # 51 at 2.) Although Defendants are correct as to the ultimate disposition in *Jarrett*, they fail to mention the critical facts on which the *Jarrett* court relied – namely, that Jarrett's IFP motion was **denied** and that she then waited five months before paying the filing fee. *See* 22 F.3d at 257-58.

In the instant case, Plaintiffs' IFP motion was granted and, thus, no time lapse occurred in which the filing fee went unpaid. As such, and in light of Plaintiffs' argument in the instant motion, the formal filing of Plaintiffs' Complaint on September 7, 2010, should relate back to August 24, 2010, when it was lodged with the court clerk. This determination is in line with the Tenth Circuit's explanation of the relation back doctrine in *Jarrett*. It also comports with the United States Supreme Court's holding that a prisoner's notice of appeal is "filed" when the prisoner gives it to authorities for mailing to the district court. *Houston v. Lack*, 487 U.S. 266 (1988). Both situations serve to

"preserve the litigant's rights" by mitigating, at least in the context of filing deadlines, the disadvantages faced by resource-deprived litigants.

## III. STATUS OF PLAINTIFFS' CLAIMS

### A. FEDERAL CLAIMS

In determining that the formal filing of Plaintiffs' Complaint should relate back to August 24, 2010, the Court agrees with Plaintiffs that, under 42 U.S.C. § 1983, they "cannot recover on abuses that occurred prior to August 24th, 2008 . . . ." (Doc. # 50 at 4.) Accordingly, Plaintiffs' claim is limited to the only incident which both allegedly violated § 1983 and also occurred on or after August 24th, 2008: namely, the purported theft and subsequent retention of "Mr. Robinette's 1950 Willis Jeep, and other personal property, including scaffolding, a 20 ft. piece of galvanized culvert, and a 4 wheeler cover . . . ." (Doc. # 16 at 4.) For this claim, Plaintiffs allege that: several of the Defendants wrongfully removed such property from land belonging to Plaintiffs (*id.*); Defendant Schirard ordered that the Jeep be kept in the impound yard at the Sheriff's Department (*id.* at 5); the Jeep, but not the other property, was returned to them many months later (*id.*); these actions violated Plaintiffs' rights "not to be deprived of their constitutionally protected interest in their property" (*id.* at 8).

Accepting these allegations as true, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"), the Court is satisfied that Plaintiffs have stated a § 1983 claim as a matter of law, *see, e.g.*, *Anderson v.*

*Glismann*, 577 F. Supp. 1506, 1508 (D. Colo. 1984) ("It is axiomatic that to obtain relief under section 1983, a plaintiff must show that the defendant deprived him of a right secured to him by the Constitution or federal law, and that the deprivation occurred under color of state law."). First, Plaintiffs have alleged that certain Defendants took property from them in the absence of due process. *See, e.g.*, *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012) ("due process ensures the state will not deprive a party of property without engaging fair procedures" (quotation marks and citation omitted)). Second, they assert that Defendant Schirard ordered the property to be held at the Sheriff's Department. Thus, although Defendants may be correct that Plaintiffs did not allege state action in the actual taking of the property (*see* Doc. ## 28 at 2; 38 at 2; 16 at 4 (asserting that the relevant Defendants took the property "in plain clothes" and "not in uniform")), Plaintiffs clearly alleged such action in the retention of their property at the Sheriff's Department.

Accordingly, Plaintiffs have stated a claim as a matter of law under § 1983 for this occurrence, and their claim is not barred by the statute of limitations.[1]

## B. STATE-LAW CLAIMS

Because Plaintiffs have a viable federal claim, the Court's previously stated reason for declining to exercise supplemental jurisdiction over Plaintiffs' state-law claims

[1] Plaintiffs' motion does not assert that the Court should revisit its determination that they failed to state a claim as a matter of law under §§ 1985(2) & (3). In fact, the motion erroneously refers to the dismissal of the § 1985 claims as having been on statute of limitations grounds. (*See* Doc. # 50 at 3.) As such, the Court will not reconsider its decision as to Plaintiffs' claims under §§ 1985(2) & (3).

no longer applies. (*See* Doc. # 48 at 12.) Accordingly, having jurisdiction again over such claims, the Court will address them because they were briefed prior to the Court's "Order Granting Defendants' Motions to Dismiss" (Doc. # 48).

In their motions to dismiss, Defendants' sole argument as to Plaintiffs' state-law claims is that they were "not brought within the applicable statute of limitations under Colorado law" for actions asserted against law enforcement officers. (Doc. ## 24 at 7; 35 at 7.) As support for their position, Defendants cite Colorado Revised Statutes ("C.R.S.") § 13-80-103(1)(c) which states, in pertinent part, that "[a]ll actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority" shall be "commenced within one year after the cause of action accrues."

Plaintiffs do not dispute that the relevant statute of limitations for the claims made against Defendants in their official capacities is one year. (*See* Doc. ## 25 at 4; 37 at 4.) Based on the Court's analysis, above, for purposes of statutes of limitation, Plaintiffs' Complaint is deemed to have been filed on August 24, 2010. Accordingly, any incidents, which occurred prior to August 24, 2009, cannot support Plaintiffs' allegations against Defendants in their official capacities, pursuant to § 13-80-103(1)(c). However, Plaintiffs assert, and the Court agrees, that their Complaint, as amended, does allege that at least some purportedly wrongful conduct occurred within the statute of limitations period. (*See id.* (citing Doc. # 16 at 10 (describing an alleged December 2010

incident)).) Accordingly, Plaintiffs' state-law claims against Defendants in their official capacities will only be partially dismissed due to the one-year statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that "Plaintiffs' Motion to Reconsider and Reopen Case" (Doc. # 50) is GRANTED IN PART to the extent that Plaintiffs' case SHALL BE REOPENED because their § 1983 claim for the deprivation of their property on August 24, 2008, and thereafter is not barred by the applicable two-year statute of limitations; the motion is DENIED IN ALL OTHER RESPECTS. It is

FURTHER ORDERED that, in light of this Order, the Court has supplemental jurisdiction over Plaintiffs' state-law claims. However, it is

FURTHER ORDERED that Plaintiffs' state-law claims are DISMISSED IN PART to the extent that they assert Defendants are liable in their official capacities for conduct that occurred prior to August 24, 2009. It is

FURTHER ORDERED that the Court's "Order Granting Defendants' Motions to Dismiss" (Doc. # 48) is VACATED IN PART TO THE EXTENT THAT IT IS INCONSISTENT WITH THIS ORDER.

DATED: July __24__, 2012

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge