IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

      Plaintiffs,

v.

SYDNEY "DUKE" SCHIRARD, Sheriff, La Plata County Colorado, in his individual and professional capacities,
BOBBIE FENDER, in his individual and professional capacities,
AMBER FENDER, in her individual and professional capacities,
STEVE SCHMIDT, in his individual and professional capacities,
MELVIN SCHAFF, in his individual and professional capacities,
CHARLES HAMBY, in his individual and professional capacities, and
SEAN SMITH, in his individual and professional capacities,

      Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs' first **Motion for Leave to Amend Amended Complaint and Join Parties** [Docket No. 71; Filed October 30, 2012]; on Plaintiffs' second **Motion for Leave to Amend Amended Complaint and Join Parties** [Docket No. 72; Filed October 31, 2012]; on Plaintiffs' first **Motion to Appoint Attorney Due to Very Unusual Circumstances** [Docket No. 73; Filed October 30, 2012]; on Plaintiffs' second **Motion to Appoint Attorney Due to Very Unusual Circumstances** [Docket No. 74; Filed October 31, 2012]; and on Plaintiffs' **Motion to Amend Motion to Appoint Attorney Due to Very Unusual Circumstances** [Docket No. 78; Filed November 28, 2012].

      As an initial matter, Plaintiffs have attached copies of some of Plaintiff Bonner Robinette's medical records to their second Motion for Leave to Amend Amended Complaint and Join Parties [#72].  Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by Plaintiffs' interest in privacy in their medical records and that a less restrictive alternative is not practicable. Accordingly,

IT IS HEREBY **ORDERED**, *sua sponte*, that the Clerk of the Court is directed to maintain the following document **UNDER RESTRICTION** at **LEVEL 1**:[1] pages 15-22 of Plaintiffs' second Motion for Leave to Amend Amended Complaint and Join Parties [#72].

In addition, upon review of Plaintiffs' first Motion for Leave to Amend Amended Complaint and Join Parties [#71] and second Motion for Leave to Amend Amended Complaint and Join Parties [#72], the Court finds that the second Motion appears to be an amended version of the first Motion. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiffs' first Motion for Leave to Amend Amended Complaint and Join Parties [#71] is **DENIED as moot**. An order will issue in due course regarding Plaintiffs' second Motion for Leave to Amend Amended Complaint and Join Parties [#72].

Similarly, upon review of Plaintiffs' first Motion to Appoint Attorney Due to Very Unusual Circumstances [#73] and second Motion to Appoint Attorney Due to Very Unusual Circumstances [#74], the Court finds that the second Motion appears to be an amended version of the first Motion. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiffs' first Motion to Appoint Attorney Due to Very Unusual Circumstances [#73] is **DENIED as moot**. An order will issue in due course regarding Plaintiffs' second Motion to Appoint Attorney Due to Very Unusual Circumstances [#74].

Finally,

IT IS FURTHER **ORDERED** that Plaintiffs' Motion to Amend Motion to Appoint Attorney Due to Very Unusual Circumstances [#78] is **GRANTED**. Plaintiffs' second Motion to Appoint Attorney Due to Very Unusual Circumstances [#74] is hereby amended to the extent requested by Plaintiffs in this motion. As stated, an order will issue in due course regarding Plaintiffs' second Motion to Appoint Attorney Due to Very Unusual Circumstances [#74].

Dated: November 30, 2012

---

[1] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2.