IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

    Plaintiffs,

v.

SYDNEY "DUKE" SCHIRARD, Sheriff, La Plata County Colorado, in his individual and professional capacities,
BOBBIE FENDER, in his individual and professional capacities,
AMBER FENDER, in her individual and professional capacities,
STEVE SCHMIDT, in his individual and professional capacities,
MELVIN SCHAFF, in his individual and professional capacities,
CHARLES HAMBY, in his individual and professional capacities, and
SEAN SMITH, in his individual and professional capacities,

    Defendants.

_____

### ORDER STRIKING SECOND AMENDED COMPLAINT
_____

    This matter is before the Court on Defendants' **Motion to Strike Plaintiffs' Proposed Second Amended Complaint and Jury Demand on All Counts and Request for Sanctions** [Docket No. 126; Filed June 3, 2013] (the "Motion").

    IT IS HEREBY **ORDERED** that the Motion [#121] is **GRANTED in part** and **DENIED in part,** as explained in more detail below.

#### I. The Proposed Second Amended Complaint

    This case was initiated in August of 2010, almost three years ago.  Plaintiffs Bonner Robinette and Shirley Robinette have proceeded in this action both through counsel and *pro se.*  After their original retained counsel moved to withdraw due to "a conflict between the parties and counsel that cannot be resolved" [#61 at 1], the Court appointed counsel for Plaintiffs. [#91; Filed January 15, 2013].  Unfortunately, Plaintiffs' appointed counsel also moved to withdraw, representing that the "attorney-client relationship [was] irretrievably broken, rendering counsel unable to communicate effectively with Plaintiffs or to cooperate with them with any degree of consensus on the case."  [#117 at 3].  As a result of their

counsel's consecutive withdrawals, Plaintiffs currently proceed *pro se.*

The Court has exercised patience and restraint in attempting to provide the Plaintiffs with guidance as to proper presentation of their claims. The Court well understands that *pro se* parties' pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the parties' advocate, and cannot correct their pleadings for them. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). They must follow the rules that govern all other litigants in this Court. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As the case has unfolded, Plaintiffs have been given multiple opportunities to amend their original Complaint. *Order* [#11; Filed December 15, 2010]; *Order* [#105; Filed February 26, 2013]; *Order* [#118; Filed April 25, 2013]; *Order Granting Motion to Reconsider* [#66; Filed July 24, 2012]. Importantly, as a result of prior Motions to Dismiss ([# 24; Filed May 2, 2011]; [#35; Filed August 17, 2011]), the Court has explicitly held that Plaintiffs **cannot recover under 42 U.S.C. § 1983 "on abuses that occurred prior to August 24th, 2008."** [#66] at 4 (emphasis added). Moreover, regarding Plaintiffs' purported state law claims, the Court has explicitly held that "**any incidents, which occurred prior to August 24, 2009, cannot support Plaintiff's allegations against Defendants in their official capacities**, pursuant to [C.R.S.] § 13-80-103(1)(c)." [#66] at 7 (emphasis added).

In an effort to obtain a viable pleading setting forth Plaintiffs' alleged claims in a fashion that permits effective and efficient adjudication of their claims, the Court afforded Plaintiffs *yet another* opportunity to amend their Complaint by Order [#118] dated April 25, 2013. Plaintiffs were explicitly directed to file a typewritten, double-spaced Second Amended Complaint of no more than fifteen pages. When Plaintiffs sought an extension of the deadline to file their Second Amended Complaint, the Court granted the extension, and reminded them that the Second Amended Complaint must be double-spaced and no more than fifteen pages long.

The proposed Second Amended Complaint filed by Plaintiffs [#124, which appears to be duplicated at #125] ignores the Court's previous Orders in several respects:

(1) it is not double-spaced;
(2) it mentions multiple incidents that allegedly occurred prior to August 24, 2008;
(3) it is 16 pages long (two consecutive pages are marked as "6 of 15"); and
(4) it adds five individuals who have not previously been identified as Plaintiffs in the case (Randey Robinette, Angela Robinette Leath, Lake Robinette Leath, Landon Masters Lakota Leath and Lane Dalton Dakota Leath).

In addition, the proposed Second Amended Complaint violates D.C.COLO.LCivR 10.1D. ("All papers shall be typewritten using black ink and not less than 12-point font.")

## II. Conclusion

For the reasons set forth above, the Motion [#121] is **granted in part.**

**IT IS HEREBY ORDERED** that Plaintiffs' proposed Second Amended Complaint, docketed twice at [#124] and [#125], is **STRICKEN.**

**IT IS FURTHER ORDERED** that Plaintiffs shall file a proposed Second Amended Complaint that complies with the Court's previous Orders and the Local Rules of this Court **on or before June 21, 2013.** *Failure to do so will result in the Court recommending that Plaintiffs' case be dismissed*. The Proposed Second Amended Complaint ***must:***

(1) explain what each Defendant did to each Plaintiff;
(2) say when each Defendant did it;
(3) say how each Defendant's actions harmed each Plaintiff;
(4) say what specific legal right each Plaintiff believes each Defendant violated;
(5) be typewritten, **double-spaced, and in not less than 12-point font ;** and
(6) be no more than **fifteen** pages long.

**Plaintiffs MAY NOT submit documents instead of a Second Amended Complaint.**

**IT IS FURTHER ORDERED** that Defendants' request for sanctions is **denied without prejudice.**

Dated: June 11, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge