IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

      Plaintiffs,

v.

SYDNEY "DUKE" SCHIRARD, Sheriff, La Plata County Colorado, in his individual and
professional capacities,
BOBBIE FENDER, in his individual and professional capacities,
AMBER FENDER, in her individual and professional capacities,
STEVE SCHMIDT, in his individual and professional capacities,
MELVIN SCHAFF, in his individual and professional capacities,
CHARLES HAMBY, in his individual and professional capacities, and
SEAN SMITH, in his individual and professional capacities,

      Defendants.

_____

## ORDER
_____

This matter is before the Court on Defendants' **Motion to Strike Second Filing of Plaintiffs' Proposed Second Amended Complaint and Jury Demand on All Counts, and Request for Sanctions Against Plaintiffs** [Docket No. 130; Filed June 28, 2013] (the "Motion").  On July 22, 2013, Plaintiffs filed a Response [#132].  On August 1, 2013, Defendants filed a Reply [#133].  The Motion is thus ripe for review.

Defendants seek to strike Plaintiffs' recently-filed Second Amended Complaint [#129] on the basis that it fails to comply with the Court's Order Striking Second Amended Complaint [#128], in which the Court explained to Plaintiffs in detail the requirements for filing a new complaint in this matter.  *Motion* [#130].  The Court addresses each of

-1-

Defendants' arguments in turn.

First, Defendants argue that the Second Amended Complaint is not double-spaced and uses a font size smaller than 12-point, in violation of the Court's Order [#128]. *Id.* at 2-3.  Plaintiffs respond that they did in fact double-space their Second Amended Complaint and use 12-point font throughout.  *Response* [#132] at 3.  The Court agrees that the document, as it appears on the electronic docket, appears to use a smaller-than-required font.  However, this is easily explained.  Plaintiffs submitted two copies of the Second Amended Complaint to the Court, one by fax and one by mail.  The Clerk of the Court, receiving the faxed copy first, docketed that version which, as happens with documents transmitted by fax, appears slightly smaller than the original document.  This conclusion is confirmed by the second, otherwise identical copy of the Second Amended Complaint that was received and reviewed by the Court.  The Court is thus satisfied that Plaintiffs complied with the portion of the Court Order [#128] requiring them to use 12-point font and to double-space their document.

Second, Defendants argue that Plaintiffs have now styled the case as "Bonner Robinette and Shirley Robinette, et al." without indication of who the additional plaintiffs would be.  *Motion* [#130] at 3.  The Court does not interpret Plaintiffs' Second Amended Complaint as seeking to add new Plaintiffs to this matter, for the following reasons.  First, no new plaintiffs are listed by name in the proposed case caption.  *See Second Amended Complaint* [#129] at 1.  Second, no new plaintiffs are listed in the part of the Second Amended Complaint that discusses the parties to this action.  *See id.* at 2-3.  Third, the body of the Second Amended Complaint does not appear to refer to anyone as a plaintiff

-2-

other than the named Plaintiffs, Bonner and Shirley Robinette. *See id.* at 3-15. Fourth, the Second Amended Complaint is only signed by Plaintiffs Bonner and Shirley Robinette. *See id.* at 15. Fifth, Plaintiffs state that the "et al." designation refers to "Plaintiffs' family members and other witnesses whom are involved in the case" [sic]. *Response* [#132] at 4. Thus, in the Court's view, Plaintiffs clarify that they are referring to witnesses who will assertedly support their case and not to new plaintiffs when they use the phrase "et al." The Court is therefore satisfied that Plaintiffs have complied with the Court's prior Order [#128]. Accordingly,

IT IS HEREBY **ORDERED** that Defendants' Motion [#130] is **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiffs' Proposed Second Amended Complaint [#129] for filing.

Service has previously been effected on some Defendants. Accordingly,

IT IS FURTHER **ORDERED** that those Defendants who have already been served and entered their appearances in this case shall answer or otherwise respond to Plaintiffs' Second Amended Complaint [#129] on or before **August 29, 2013**.

IT IS FURTHER **ORDERED** that, if appropriate, the Clerk of the Court shall attempt to obtain a waiver of service from any as-yet-unserved Defendants.[1] If unable to do so, the United States Marshal shall serve a copy of the Second Amended Complaint, summons, and this Order on the unserved Defendants. If appropriate, the Marshal shall first attempt to obtain a waiver of service of these documents pursuant to Fed. R. Civ. P. 4(d). All costs

---

[1] Plaintiffs were previously granted leave to proceed *in forma pauperis* in this matter. *Order* [#10].

of service shall be advanced by the United States.

Dated:  August 1, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge