IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

     Plaintiffs,

v.

SYDNEY "DUKE" SCHIRARD, Sheriff, La Plata County Colorado, in his individual and professional capacities,
ROBIN HARRINGTON, Under Sheriff, in her individual and professional capacities,
BOBBIE FENDER, in his individual and professional capacities,
AMBER FENDER, in her individual and professional capacities,
STEVE SCHMIDT, in his individual and professional capacities,
SEAN SMITH, in his individual and professional capacities,
MARTIN PETRIK, in his individual and professional capacities,
ROBERT PHIPPEN, in his individual and professional capacities,
CHARLES HAMBY, in his individual and professional capacities,
SHELLY WILLIAMS, in her individual and professional capacities,
TODD HUTCHINS, in his individual and professional capacities,
CHRIS BURKE, in his individual and professional capacities,
MATT WEBB, in his individual and professional capacities,
BRENDA TEBRINK, in her individual and professional capacities,
LUCIA SCHIRARD, (911 Dispatch), in her individual and professional capacities,
RICHARD GRAEBER, Pine River E.M.T., in his individual and professional capacities,
PAUL KOSNIK, County Attorney, in his individual and professional capacities,
KELLIE HOTTER, Past County Commissioner, in her individual and professional capacities,
WALLY WHITE, Past County Commissioner, in his individual and professional capacities,
BOBBIE LIEB, Past and Present County Commissioner, in his individual and professional capacities,
BOARD OF COUNTY COUNTY COMMISSIONERS,
GWEN LIEB, Member of the Present Board of County Commissioners, in her individual and professional capacities,
JULIE WESTENDOR, Member of the Present Board of County Commissioners, in her individual and professional capacities, and
PHIL CAMPBELL, Head of 911 Dispatch, in his individual and professional capacities,

     Defendants.

---
## ORDER
---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Request to Magistrate Judge Kristen L. Mix to Strike Defendants' Frivolous Motion to Dismiss Plaintiffs' Amended Complaint** [Docket No. 146; Filed September 26, 2013] (the "Motion"). Plaintiffs, who proceed in this matter as pro se litigants, seek to strike Defendants' pending Motion to Dismiss [#139].

As an initial matter, the Court notes that Rule 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pleadings, as defined by Rule 7(a), are different from "motions and other papers." Pleadings include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a counterclaim, a third-party complaint, an answer to a third-party complaint, and, if court-ordered, a reply to an answer. Fed. R. Civ. P. 7(a). "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992). *See also* 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

The document to which Plaintiffs' Motion is directed is not a "pleading" as defined by Rule 7(a) of the Federal Rules of Civil Procedure. The Court finds that Plaintiffs

therefore may not attack Defendants' Motion to Dismiss through a motion to strike pursuant to Rule 12(f). *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005). Accordingly, the Motion [#146] is **denied**.

Plaintiffs may have intended this filing to be a Response to the pending Motion to Dismiss [#139]. *See Pls.' Motion for Extension of Time* [#142]; *Minute Order* [#133] (granting Plaintiffs an extension of time to file a Response to the Motion to Dismiss). However, the filing is 64-pages long, exclusive of the certificate of service. According to Judge Arguello's Civil Practice Standards,[1] a response to a motion to dismiss may be no longer than fifteen (15) pages. CMA Civ. Practice Standards III.A.1. The Court therefore does not accept Plaintiffs' 64-page filing as their Response to the pending Motion to Dismiss. This is another example of how having access to legal advice is an advantage to a litigant. Plaintiffs' decision not to cooperate with their former pro bono counsel will likely have repercussions throughout their lawsuit. Nevertheless, despite their pro se status, Plaintiffs must follow Judge Arguello's Practice Standards, the Local Rules of this Court, and the Federal Rules of Civil Procedure. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that pro se litigants must follow the same procedural rules that govern other litigants).

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#146] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiffs shall file a Response **of no longer than**

---

[1] A copy of Judge Arguello's Civil Practice Standards may be found online at: http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/JudicialPracticeStandards/Activ eArticleIIIJudges/HonChristineMArguello.aspx.

**fifteen pages** to the Motion to Dismiss [#139] **on or before October 21, 2013**.

Dated: October 2, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge