IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

    Plaintiffs,

v.

BOBBIE FENDER, in his individual and professional capacities,
AMBER FENDER, in her individual and professional capacities,
STEVE SCHMIDT, in his individual and professional capacities,
SEAN SMITH, in his individual and professional capacities, and
CHARLES HAMBY, in his individual and professional capacities,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Show Cause Why Defendant County Attorney Paul Kosnik Be Not Dismissed From This Case** [#212] (the "Motion to Show Cause") and on Plaintiffs' **Motion Requesting the Courts to Focus on New Evidence of the Continuation of Pattern or Practice of (1) Violation of 42 U.S.C. § 1983 Due Process and Equal Protection Clauses, 42 U.S.C. § 1988(5) (NIED), (6) (IIED) & (18 U.S.C. § 1519) Tampering With Evidence on January 27, 2014** [#220] (the "Motion to Reconsider").

Plaintiffs proceed in this matter as pro se litigants.[1]  In the Motion to Reconsider

---

[1] The Court is mindful that it must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

[#220], they appear to ask the undersigned to reconsider the Recommendation [#209] to dismiss certain Defendants and claims from this action.  A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

First, Plaintiffs present no argument in the Motion to Reconsider [#220] regarding "an intervening change in the controlling law." *Brumark Corp.*, 57 F.3d at 944.  Second, Plaintiffs provide a lengthy discourse of the actions of current and former Defendants in this matter in order to try to demonstrate a continuing pattern or practice of constitutional violations.  However, most of this information was available to Plaintiffs much earlier in this lawsuit, and even the most recently cited events occurred in late January and thus cou8ld have been mentioned by Plaintiffs in their Objection [#214] filed on February 27, 2014.  Plaintiffs have provided no reason why they could not have timely complied with procedural rules and the deadlines set in this case.  Thus, Plaintiffs have not provided any relevant

---

1991).  However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, Plaintiffs, as pro se litigants, must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

"new" and "previously unavailable" evidence. *Servants of Paraclete*, 204 F.3d at 1012. Third, Plaintiffs have shown neither that the Court has made a "clear error" nor that the Court's Recommendation must be modified to "prevent manifest injustice." *Brumark Corp.*, 57 F.3d at 944. Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Reconsider [#220] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion to Show Cause [#212] is **DENIED as moot**. After review of all relevant filings in this matter *after* Plaintiffs filed this Motion to Show Cause, the District Judge agreed with the undersigned's Recommendation [#209] that Paul Kosnik should be dismissed from this lawsuit. Mr. Kosnik is therefore no longer a party.

Dated: April 30, 2014

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge