IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

    Plaintiffs,

v.

BOBBIE FENDER, in his individual and professional capacities,
AMBER FENDER, in her individual and professional capacities,
STEVE SCHMIDT, in his individual and professional capacities,
SEAN SMITH, in his individual and professional capacities, and
CHARLES HAMBY, in his individual and professional capacities,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion for Stay of Discovery** [#238] (the "Motion for Stay"); on Plaintiffs' **Second Motion Asking Why Defense Attorney's Jonathan A. Cross & Sean J. Lane Are Not Responding to Magistrate Judge Kristen L. Mix's April 1st 2014 Minute Order Document 219. Refer to Rebuttal Expert Disclosure Deadline Was July 2nd 2014, to Rebuttal Against Plaintiff's Interrogatories & Request for Admission and Why Defendant Attorney's Are Not Responding to Plaintiff's Motion Asking Why** [sic] [#240] (which the Court construes as a "Motion to Clarify"); and on Defendants' **Motion to Strike Plaintiffs' Response to Defendants' Motion for Summary Judgment** [#245] (the "Motion to Strike").

    IT IS HEREBY **ORDERED** that the Motion for Stay [#238] is **DENIED as moot**, as the discovery deadline expired on September 2, 2014.

    IT IS FURTHER **ORDERED** that the Motion to Clarify [#240] is **GRANTED** to the extent that the Court clarifies as follows.  The rebuttal expert disclosure deadline was the deadline by which the parties must designate any experts who shall rebut the opinions provided by any affirmative experts designated by the parties.  No party is required to designate a rebuttal expert, and no rebuttal expert may be designated in the absence of an affirmative expert having been first designated by the opposing party.  Accordingly,

Defendants were not required to do anything by the July 2, 2014 rebuttal expert disclosure deadline.  The rebuttal expert disclosure deadline has nothing to do with responding to written discovery requests.

IT IS FURTHER **ORDERED** that the Motion to Strike [#245] is **DENIED**.  Plaintiffs responded to Defendants' Motion for Summary Judgment approximately ten days after the deadline set in the Local Rules without having asked for an extension of time.  While the Court may strike Plaintiffs' Response in its discretion, the Tenth Circuit has a strong preference for adjudicating matters on the merits.  *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011).  In the absence of any alleged prejudice to Defendants, the Court therefore determines that the merits of the briefing on the Motion for Summary Judgment should be fully considered to the extent it is proper to do so.

Dated:  September 10, 2014