**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02172-CMA-KLM

BONNER ROBINETTE, and
SHIRLEY ROBINETTE,

    Plaintiffs,

v.

SYDNEY "DUKE" SCHIRARD, Sheriff, La Plata County Colorado,
in his individual and professional capacities,
ROBIN HARRINGTON, Under Sheriff, in her individual and professional capacities,
BOBBIE FENDER, in his individual and professional capacities,
AMBER FENDER, in her individual and professional capacities,
STEVE SCHMIDT, in his individual and professional capacities,
SEAN SMITH, in his individual and professional capacities,
MARTIN PETRIK, in his individual and professional capacities,
ROBERT PHIPPEN, in his individual and professional capacities,
CHARLES HAMBY, in his individual and professional capacities,
SHELLY WILLIAMS, in her individual and professional capacities,
TODD HUTCHINS, in his individual and professional capacities,
CHRIS BURKE, in his individual and professional capacities,
MATT WEBB, in his individual and professional capacities,
BRENDA TEBRINK, in her individual and professional capacities,
LUCIA SCHIRARD, in her individual and professional capacities,
RICHARD GRAEBER, in his individual and professional capacities,
PAUL KOSNIK, County Attorney, in his individual and professional capacities,
KELLIE HOTTER, in her individual and professional capacities,
WALLY WHITE, Past County Commissioner,
in his individual and professional capacities,
BOBBIE LIEB, Past and Present County Commissioner,
in his individual and professional capacities,
BOARD OF COUNTY COMMISSIONERS,
GWEN LACHELT, Member of the Present Board of County Commissioners,
in her individual and professional capacities,

JULIE WESTENDOR, Member of the Present Board of County Commissioners,
in her individual and professional capacities, and
PHIL CAMPBELL, Head of 911 Dispatch, in his individual and professional capacities,

    Defendants.

## ORDER ON MOTIONS

    This matter is before the Court on numerous motions filed by Plaintiffs. All of these motions are denied for the reasons that follow.[1]  In particular:

- **Motion Related to Defendants' Answer:** The Motion to Review (Doc. # 224) appears to allege that Defendants mailed an incomplete copy of the answer to the complaint to Plaintiffs.  This alleged problem appears to have been at least partially resolved by the Defendants' response to that motion.  (Doc. # 227.) Plaintiffs appear to argue in their Reply (Doc. # 232) that Defendants' alleged failure to send an answer should have some additional collateral consequence for this case or that there are still portions of the answer that are not in the possession of Plaintiffs.  But much of what this Court has said on this motion is largely supposition, as Plaintiffs' filing is largely incomprehensible to this Court. The motion is therefore denied for failure to comply with D.C.Colo.LCiv.R 7.1(d): if Plaintiffs seek relief from this Court they must provide a short, plain statement of the relief they seek through the motion and the legal authority that provides them a basis for that relief.

- **Relitigating this Court's Adoption of a Prior Report and Recommendation:** Plaintiffs have filed repeated objections (Doc. ## 225, 230, 234) to Magistrate Judge Mix's Report and Recommendation (Doc. # 209) and this Court's Order adopting the same.  (Doc. # 217.)  These arguments are largely repetitious and have been denied in prior rulings.  *See, e.g.*, (Doc. # 226) (order from Judge Mix denying Defendants' motion to reconsider her Report and Recommendation). These motions are denied for the same reasons as set forth in this Court's prior

---

[1] Plaintiffs are proceeding pro se and the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir 1991).  Even so, many of the filings by these pro se Plaintiffs are impossible for this Court to fully comprehend.

rulings on the matter.  Plaintiffs allege that they can meet the high standards for reconsideration of a matter this Court has already ruled upon but they need to explain specifically: (1) how they meet this standard with recitation of the relevant legal authority, and (2) to the extent necessary, why the evidence they wish to rely upon now was previously **unavailable**.  These matters have been addressed by the Court in its prior orders yet ignored by Plaintiffs.  (*See* Doc. ## 209, 217, 226).  To the extent they continue to ignore this Court's basis for denying similar objections, any future and repetitious objections will be summarily denied.

- Plaintiffs have filed a discovery-related motion that asks why Defendants have failed to notice any affirmative expert disclosures in accord with a minute order filed by the Magistrate Judge.  Judge Mix clarified this matter in a prior order.  (Doc. # 249.)  In light of that prior clarification, the motion is therefore denied.

- Plaintiffs seek "reconsideration" of Defendants' Motion to Strike Plaintiffs' Response to Defendants' Motion for Summary Judgment.  (Doc. # 247.)  This motion is denied in light of Judge Mix's order denying the Motion to Strike. (Doc. # 249.)  To clarify, this Court will consider Defendants' Motion for Summary Judgment (Doc. # 237), Plaintiffs' Response (Doc. # 243), and Defendants' Reply (Doc. # 248).

Accordingly, for the foregoing reasons, this Court DENIES all of the above-referenced pending motions.  (Doc. ## 224, 225, 230, 234, 236, 247.)  The only motion that remains pending is Defendants' Motion for Summary Judgment.  (Doc. # 237.)

DATED:  September 29, 2014

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge